William J. Scrivener v. Nathaniel R. Lamar et al.

[53 South. 537.]

Drainage. *Districts. Establishment. Bonds. Notice to landowners.* *Code 1906,* §§ 371–382.

A petitioner for the creation of a swamp land district, under Code 1906, § 371, *et seq,* authorizing such procedure, and for the issuance of bonds, under Code 1906, § 382, *et seq,* providing therefor, may not complain of a want of notice to him of the petitions which he has signed; and a purchase of land from him, after the creation of the district and the issuance of the bonds, gives the purchaser no right to complain of the want of notice as against the issuance of the bonds.

From the chancery court of Calhoun county.

Hon. Isaac T. Blount, chancellor.

Scrivener, appellant, was complainant in the court below; Lamar, clerk of the board of supervisors of Calhoun county and the members of said board, appellees, were defendants there. From a decree in favor of the defendants the complainant appealed to the supreme court. The opinion of the court states the facts of the case.

*Creekmore & Stone,* for appellant.

While appellant was not the owner of any land in the district concerned, at the time the board of supervisors passed the order directing the issuance and sale of the bonds, yet he did subsequently become the owner of lands therein, and immediately after his purchase of the lands he had a right in law to take steps to protect his interests. Had he allowed the board of supervisors to proceed further, without instituting this suit in equity, he would in all probability have been held to be estopped to proceed either at law or in equity after the bonds were sold.

Code 1906, § 371, under which the board of supervisors pro-

ceeded, is violative of article 3 of our state constitution, in that the code section provides for action to be taken by the board directly affecting every landowner in the district without necessity for prior notice to be given to those landowners therein who did not sign petition for the board's action.

Section 90, article 4, of our state constitution prescribes that the legislature shall not pass private or local laws. Code 1906, § 371, is violative of this section of the constitution.

No notice was given by the board that the petition had been filed praying for the creation of the district. No notice was given to landowners in the method prescribed by law at or prior to or subsequent to the passage of the order authorizing the issuance of the bonds. Under these circumstances, the court below erred in rendering decree in favor of the appellee.

*Haman & Bates* and *J. L. Johnson,* for appellees.

Code 1906, §§ 371, 391, and Code 1906, chapter 39, are not identical. Code 1906, §§ 371, to 391, inclusive, commonly known as the Swamp Land District Law, was enacted to relieve against overflows of water, while chapter 39 of the code, commonly known as the Drainage Law was intended to relieve against standing and percolating water.

Section 211 of our state constitution does not prohibit local taxation for local purposes and benefits. *Chrisman v. Brookhaven,* 70 Miss. 477.

Taxation, as concerned under section 211 of our state constitution, means such taxation as is imposed by the legislature for the uses of the state at large. *Daily v. Swoop,* 47 Miss. 367.

In answer to the contention of learned counsel for appellant, that no notice to appellant or to the landowners of the district was given by the board before the board ordered the issuance and sale of the bonds, we say that no notice was required under the statute law. *Nugent v. Jackson,* 72 Miss. 1040 ; *Macon v. Patty,* 57 Miss. 378.

The party from whom appellant purchased his land in the district had previously signed the petition addressed to the board of supervisors praying for the creation of the district and also the petition praying for the issuance of the bonds. Hence appellant who owned no other land in the district cannot maintain this suit.

SMITH, J., delivered the opinion of the court.

The board of supervisors of Calhoun county created therein a swamp land district under the provisions of section 371 *et seq.* of the Code of 1906, and in doing so, complied in every respect with the law as contained therein. After establishing the district the board was proceeding to issue bonds as provided for in Code 1906, § 382, and subsequent code sections, and in so doing complied with all the provisions of the law relative thereto. Thereupon this suit was instituted in the court below by appellant, seeking to enjoin the issuance of said bonds. From the decree dissolving and dismissing appellant's bill, this appeal is taken.

Appellant at the time of the creation of this swamp land district, and at the time the order of the board directing the issuance and sale of bonds was entered, was not the owner of any land embraced within the district, but has purchased land therein since the order to issue bonds was entered. The party from whom he purchased his land owned same at the time the district was created, and signed the petition addressed to the board of supervisors praying for the creation of the district, and also the petition addressed to the board of supervisors praying for the issuance of the bonds. No notice was given by the board of the filing of the petition praying for the creation of the district, nor does the statute provide for any such notice. When the filing with the board of the petition praying for the issuance of the bonds occurred, the published notice thereof required by the statute was made; but no notice was personally served upon the

landowners of the district, and none such is required by the statute.

Appellant's contention is that the action of the board in both instances is void, for the reason that the district was created and the bonds ordered to be issued without notice to the landowners. If it is necessary for actual notice of those matters to be served upon the landowners before the board can act, such notice, of course, would be sufficient if served upon the owner of the land. If the owner waives the notice, service of notice is not necessary, and certainly, where he joins in the petition asking that the district be created and the bonds issued, he cannot complain that notice was not served upon him.  Appellant has no greater right in this matter than his grantor, and, since his grantor is estopped from pleading want of notice, appellant is also.

There is no merit in the other contentions of appellant.

*Affirmed.*

ANDERSON, J., took no part in the decision of this case.